Filed 8/31/23  P. v. Marsh CA4/1
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

> **California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>DENIS PAUL MARSH,<br><br>    Defendant and Appellant. | D081159<br><br><br>(Super. Ct. No. CR59191) |

APPEAL from an order of the Superior Court of San Diego County, Peter C. Deddeh, Judge.  Affirmed.

Denis Paul Marsh, in pro. per.; and Rex Adam Williams, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

In 1983, following a court trial, Denis Paul Marsh was convicted of first degree murder (Pen. Code,[1] § 187, subd. (a)); conspiracy to commit burglary (§§ 182.1 & 459); robbery (§ 211); and arson (§ 451, subd. (b)).  The court found Marsh personally used a weapon and personally inflicted great bodily

---

[1]    All further statutory references are to the Penal Code.

injury. Marsh was sentenced to an indeterminate term of 26 years to life in prison.

In 2019, Marsh filed a petition for resentencing under section 1170.95 (now renumbered section 1172.6). The trial court appointed counsel, received briefing, and held a hearing. Relying in part on an earlier opinion of this court in Marsh's first appeal, the court found Marsh was an active participant in the murder and denied the petition. Marsh appealed, and this court reversed the order denying the petition. We remanded the case to the trial court with directions to issue an order to show cause and conduct an evidentiary hearing. (*People v. Marsh* (Aug. 31, 2021, D078224) [nonpub. opn.)

On remand, the trial court held an evidentiary hearing. The court received the record of conviction including the trial transcript. Marsh called witnesses including the codefendant, who was by then out of prison. The codefendant recanted his earlier statements and testified he alone was responsible for the murder.

The court found, beyond a reasonable doubt, that Marsh was the actual killer of the victim, stabbing her with the intent to kill. The court again denied the petition.

Marsh filed a timely notice of appeal.

Appellate counsel has filed a brief pursuant to *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*) indicating counsel has not been able to identify any potentially meritorious issues for reversal on appeal. Counsel asks the court to exercise its discretion to independently review the record for error in the same manner as we would in an appeal under *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*). We notified Marsh of his right to file his own

brief on appeal. Marsh has responded by filing a supplemental brief. We will discuss his brief later in this opinion.

## STATEMENT OF FACTS

Appellate counsel has submitted an accurate summary of the factual material submitted during the evidentiary hearing. We will incorporate that summary here for background information.

Jeffrey Inglett, Marsh's codefendant, was with Marsh in 1983 at the time of the offenses, and was convicted of first degree felony murder. Inglett was drinking and met Marsh at an apartment, where he and Marsh, as well as others, were consuming methamphetamine. Inglett was aware of a house in the neighborhood, where A.W. lived, that had been burglarized, where there was a lot of money. Marsh said he had burglarized the house before, and Inglett and Marsh decided to burglarize it again. Inglett and Marsh arrived at the house and Inglett broke a window. The two entered the house and Inglett ran into A.W. Marsh was behind Inglett. Inglett held a knife to A.W.'s throat and told her not to scream or he would kill her, but A.W. screamed, so Inglett cut her throat with the knife, severing her head to the point it almost came off her body. Inglett then began stabbing her in the chest. Inglett slipped and fell with A.W., causing her head to hit a table. Inglett and Marsh had not planned to harm A.W.

Marsh helped Inglett carry A.W., who Inglett did not think was alive at this point, to the couch. A.W. was not breathing and did not have a pulse, and Inglett continued to stab her. Marsh grabbed Inglett's arm and told him to stop. Inglett realized that if he did not make Marsh become a participant in the murder, Marsh might tell, so he gave Marsh the knife and told him he needed to stab A.W. Marsh was reluctant, but Inglett pressured him, so Marsh took the knife and stabbed her a couple of times; she was not alive at

3

this point.  Concerned about leaving evidence behind, Inglett used his lighter to light newspaper behind the couch on fire.  Inglett and Marsh fled back to the apartment they had been at, where they went into a stairwell "to count the money."  When they encountered a paper boy, Inglett threatened to kill him if he told anyone what he had seen.

About six or eight months before the evidentiary hearing, Marsh called Inglett and asked him if he would be willing to help him at the hearing.  Inglett said he would tell the same story he told the parole board, explaining the details of the crime.  Inglett's testimony at the hearing was different from what he told the police when he was arrested about a month after the murder, when he denied being involved.

When confronted with a recording of Marsh's statement, Inglett minimized his guilt, saying he had been hit over the head when he entered the house and did not remember anything else.  He told them that when he awoke after being struck, he saw Marsh stabbing A.W.  He said Marsh did all of the stabbing because he wanted to avoid being charged.  He was trying to minimize his guilt.  Prior to his sentencing, he repeated his claims to the probation officer to minimize his guilt.

Marsh or another person had given Inglett the knife.

## DISCUSSION

As we have noted, appellate counsel has filed a brief pursuant to *Delgadillo* and asks the court to exercise its discretion to independently review the record to determine if there are any potentially meritorious issues presented that could justify reversal on appeal.  We have reviewed the record for error, but have not discovered any potentially meritorious issues.

We have reviewed Marsh's supplemental brief for possible meritorious issues.  We note that at the evidentiary hearing the codefendant, now out of

4

custody, was called by Marsh to "help him." The codefendant recanted his prior statements and now takes the blame for the gruesome murder. The trial court obviously did not believe the new version of events presented some 40 years after the crime. In the face of the exonerating testimony the court found, to the contrary, that the People had proved Marsh was the actual killer.

In his supplemental brief, Marsh argues the court erred in not believing the new version of the events. Marsh does not persuasively identify any reason that we should second-guess the trial judge who heard the actual testimony. We do not make credibility assessments on appeal. Determining credibility of and the weight to be given to evidence is the province of the trial court. Nothing in this record provides any reason to reject the court's assessment of the facts.

Competent counsel has represented Marsh on this appeal.

DISPOSITION

The order denying Marsh's petition for resentencing under section 1172.6 is affirmed.

HUFFMAN, Acting P. J.

WE CONCUR:

O'ROURKE, J.

BUCHANAN, J.

5